UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TRIANDIOS K. COTY, )
)
        Petitioner, )
)
    v. ) No. 1:19-cv-00881-JRS-TAB
)
WENDY KNIGHT, )
)
        Respondent. )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Triandios Coty for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISF 18-10-0477 on October 31, 2018. For the reasons explained in this Entry, Mr. Coty's habeas petition must be denied.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On October 18, 2018, Correctional Officer Cameron issued a conduct report charging Mr. Coty with attempt or conspiracy to conduct an unauthorized financial transaction in violation of Code B-240/220. Dkt. 6-1. The conduct report states:

> On 10-16-18 at approximately 0520 am [I] observed Offender Coty Triandios in 18 south dayroom. Offender Coty resides in 18 north 21LA. I C/O Cameron approached offender [and] asked what he was doing in 18 south. Offender Coty stated 'I[']m collecting debt. I[']m gonna get what[']s owed to me.' I C/O Cameron called for QRT to remove offender. I notified offender of CAB and identified offender by State issued I.D.

*Id*.

Mr. Coty was notified of the charge on October 25, 2018, when he was served with the conduct report and the Notice of Disciplinary Hearing (screening report). Dkts. 6-1 and 6-2. Mr. Coty requested a lay advocate, who was later appointed, but did not request any witnesses or evidence during screening. Dkt. 6-2.

A disciplinary hearing was conducted on October 31, 2018. Dkt. 6-4. The hearing officer noted Mr. Coty's statement that, "It[']s not a Financial Transaction. [T]here is no debt. The write up is not what its [sic] supposed to be." *Id*. The hearing officer found Mr. Coty guilty of violating Code B-240/220 based on Mr. Coty's statement and the conduct report. *Id*. Mr. Coty was sanctioned with the deprivation of 60 days of earned credit time, which was modified to 26 days based on availability. *Id*.

Mr. Coty filed appeals to the Facility Head and the Final Reviewing Authority. Dkt. 6-5; dkt. 6-6. Both appeals were denied. *Id*. Mr. Coty then brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

2

C.  **Analysis**

Mr. Coty contends that (1) the conduct report was not signed within the timeframe required by Indiana Department of Correction ("IDOC") policy and (2) that there was insufficient evidence to support the hearing officer's finding of guilt.

1.  *Violation of IDOC Policy*

Mr. Coty contends that an immediate supervisor did not sign the report of conduct within the time set forth by IDOC policy. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison [and] . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review.").

Mr. Coty is not entitled to relief on this basis.

2.  *Sufficiency of Evidence*

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v.*

*Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Coty was found guilty of violating IDOC's Adult Disciplinary Process Offense Code B-240/220. Dkt. 1 at 1. The version of Code B-220 in effect at the relevant time prohibited:

> Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction. This includes the discussion of engaging in unauthorized financial transaction(s) with any other person.

Dkt. 6-6 at 6.

Code B-240 prohibits "[a]ttempting to commit any Class B offense; . . . or conspiring with another person to commit any Class B offense." *Id.* at 7.

The respondent does not contend that Mr. Coty used or possessed a credit card or debit card or any other card. Rather, the respondent relies on the conduct report to conclude that Mr. Coty was conspiring to discuss or engage in an unauthorized financial transaction with another person. The conduct report states that when Mr. Coty was asked what he was doing in 18 south, he replied "I[']m collecting debt[.] I[']m gonna get whats [sic] owed to me." Dkt. 6-1.

The hearing officer indicated that the finding of guilt was based on Mr. Coty's statement and the staff reports. Dkt. 6-4. The question before the Court is "whether there is *any evidence* in the record that could support the conclusion" that Mr. Coty attempted or conspired to engage in an unauthorized financial transaction. *Hill*, 472 U.S. at 455–56 (emphasis added). The conduct report provides some evidence that Mr. Coty conspired to engage in an unauthorized financial

4

transaction. Mr. Coty's statement that he was collecting a debt was "some evidence" on which the hearing officer could base his decision, and it is not for this Court to reweigh the evidence.

Mr. Coty is not entitled to habeas relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Coty to the relief he seeks. Accordingly, Mr. Coty's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/18/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TRIANDIOS K. COTY
196504
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov